In the Matter of the Application of MARY J. WESTERFIELD et al. for the Removal of WILLIAM CAULDWELL and THOMAS ROGERS as Trustees of JASON ROGERS, Deceased.

MARY J. WESTERFIELD et al., Appellants; THOMAS ROGERS et al., Respondents.

APPEAL — COURT OF APPEALS CANNOT ANSWER QUESTIONS OF FACT ALTHOUGH CERTIFIED BY THE APPELLATE DIVISION. Where, after reversing a surrogate's degree, passing the accounts of trustees, upon questions of fact as well as of law, an Appellate Division certifies to the Court of Appeals certain questions whose answers depend upon the facts established by the evidence from which different inferences may be drawn, the Court of Appeals cannot answer the question certified, as its jurisdiction is limited by the State Constitution of 1894 and by the Code of Civil Procedure to the review of questions of law, and the power of the Appellate Division to allow an appeal to the Court of Appeals is also limited to questions of law.

*Matter of Westerfield*, 48 App. Div. 542, appeal dismissed.

(Argued April 18, 1900; decided June 5, 1900.)

27

. Appeal, by permission, from an order of the Appellate Division of the Supreme Court in the second judicial department, made March 27, 1900, reversing a decree of the surrogate of Westchester county finally settling and passing the accounts of the trustees to the date of their removal and remitting the case to the Surrogate's Court for further proceedings in accordance with the opinion of the Appellate Division.

This proceeding was brought to obtain the removal of William Cauldwell and Thomas Rogers, as trustees under the will of Jason Rogers, deceased, and for an accounting.

The facts, so far as material, and the questions certified are stated in the opinion.

. *William G. Wilson* and *Hamilton Wallis* for appellants.

*E. N. Taft* for Jason R. Westerfield and John Westerfield, remaindermen, appellants.

*Edward Winslow Paige, Rastus S. Ransom* and *Henry L. Stimson* for respondents.

Haight, J. The Appellate Division reversed the decree of the surrogate upon questions of fact as well as of law. It then allowed an appeal to this court, certifying the following questions : " 1. Whether, upon the facts shown by the record herein, Thomas Rogers is personally liable for and chargeable with the amount of the *devastavit* suffered by the trust estate on or before December 9, 1895. 2. Whether, upon the facts shown by the record herein, Thomas Rogers, as to such sums as he may be personally liable for and chargeable with, is chargeable also with interest thereon at the rate of six per cent per annum, with semi-annual rests. 3. Whether, upon the facts shown by the record herein, Thomas Rogers is personally liable for and chargeable with the sum of $5,000 referred to in the thirtieth finding of fact. 4. Whether, upon the facts shown by the record herein, Thomas Rogers is personally liable for and chargeable with a sum of money

laid out and expended upon the Hotel Empire property after the appointment of William Shillaber, Jr., as trustee, or any part thereof, as between said Thomas Rogers and the petitioners herein."

We are of the opinion that we have no jurisdiction to answer the questions certified. The answers depend upon the facts established by the evidence. The facts found by the surrogate upon which he based his conclusions with reference to the items in controversy, as we have seen, have been reversed by the Appellate Division, upon the ground that that court was not satisfied that the findings were in accordance with the evidence. This question we have no jurisdiction to review. The Constitution provides that "After the last day of December, 1895, the jurisdiction of the Court of Appeals, except where the judgment is of death, shall be limited to the review of *questions of law.*   *   *   *   The Appellate Division in any department may, however, allow an appeal upon any *question of law* which, in its opinion, ought to be reviewed by the Court of Appeals." (§ 9, art. VI.) It will thus be observed that the jurisdiction of our court is now limited to the review of questions of law, and also that the power of the Appellate Division in allowing an appeal to this court is also limited to questions of law. Prior to the adoption of this provision of the Constitution, section 1338 of the Code of Civil Procedure authorized the Court of Appeals to review questions of fact where the reversal of the General Term was based upon the facts, but after the adoption of this article of the Constitution this section of the Code was amended so as to provide that upon appeal to the Court of Appeals from a judgment reversing a judgment entered upon the report of a referee or the determination in a trial court, or from an order granting a new trial upon such a reversal, it must be presumed that the judgment was not reversed or the new trial granted upon a question of fact, unless the contrary clearly appears in the record body of the judgment or order appealed from. It thus appears that the authority of this court to review the facts in case of reversal by the General

Term upon the facts has now been taken away, both by the Constitution and the Code. It was stated upon the argument of this case that there was no controversy with reference to the facts. The counsel for the respective parties then proceeded tò discuss the facts established by the evidence, and differed widely as to the conclusions that should be drawn therefrom. The same difference is to be found between the conclusions of the surrogate and the Appellate Division. One of the important questions of fact in the case was as to whether Thomas Rogers had been excluded, as a trustee, from the management of the estate by the action of the petitioners, his sisters. Upon this question the surrogate in his opinion says: "The evidence, however, as it stands, does not justify any finding that Thomas Rogers was excluded by the action of his sisters. He undoubtedly was, to a certain extent, excluded from the management of the trust estate during the incumbency of his uncle, Columbus B. Rogers, at the instance of the latter, but upon his resignation and the appointment of William Cauldwell an entire change took place. There was no longer any pushing aside of Thomas Rogers." The Appellate Division, in its discussion of this question, referring to the action of the petitioners, the sisters of Thomas Rogers, say: "They did not, it is true, adopt any formal resolution that Thomas should not manage the trust, but they were evidently determined that he should have as little to do therewith as possible. Mrs. Westerfield does not deny that she said of Thomas that he was a drunkard and a spendthrift, that he had not taken advantage of any of his business opportunities, and had wasted all of his own money. * * * When it was clear that Columbus Rogers excluded Thomas from the management of the estate, except so far as his act was a practical necessity, and that the transfer to Cauldwell was evidently intended to continue the management in him as it had been previously in Columbus, we think such situation was understood by all. It had existed since 1876, and was so fortified by the course of management that no mere words can overthrow it. Thomas Rogers had been appointed by his father a trustee; he was

tolerated as such, and permitted to perform some small duties by Columbus, but his advice was not acted upon, his requests were denied, and for all practical purposes this situation w₁s expected to and did continue under Cauldwell." It will thus be seen that the parties widely differed as to the evidence and the inferences to be drawn therefrom, and that the determination of the rights of the parties with respect to the chief item in controversy is largely a question of fact; and this is equally true with reference to the other items in controversy. It is thus apparent that we have no jurisdiction to dispose of the questions sought to be raised by this appeal.

The order of reversal by the Appellate Division may be a little obscure. It reversed the decree of the surrogate and remitted the case to the Surrogate's Court for further proceedings in accordance with its opinion. It did not attempt to modify the judgment or to strike from the decree the items in controversy. As we understand it, the court intended to order a further hearing with reference to those items. It may be that the parties can submit further evidence bearing upon these items, and if they can, we think it should be permitted. In the opinion it is stated that the case is remitted to the surrogate for disposition " in accordance with the rules laid down in this opinion." It is thus apparent that the court had not attempted to finally determine the facts, but to leave them to be ascertained upon a further trial.

The appeal should be dismissed, with costs.

PARKER, Ch. J., BARTLETT, MARTIN, VANN and LANDON, JJ., concur; O'BRIEN, J., not voting.

Appeal dismissed.