E. AUGUST NERESHEIMER et al., Respondents, *v.* THOMAS A. SMYTH et al., Appellants.

1. BILL OF SALE — WHEN TRUST CREATED THEREBY CANNOT BE QUESTIONED BY TRUSTEE. One to whom a debtor transfers all his stock, store fixtures and accounts by bill of sale, in consideration whereof the transferee agrees to pay the debts due specified creditors, and orally agrees with the debtor and certain of such creditors to accept and take possession of the property, to sell it and apply the proceeds to the debts specified in the agreement, thereby becomes a trustee for the benefit of the creditors, and the trust thereby created, which relates solely to personal property, is good as between the parties to it, although partly in writing and partly oral and cannot, in an action by the creditors to enforce it, be questioned by the trustee on the ground that it is illegal as made for the purpose of defrauding creditors.

2. ENFORCEMENT BY CREDITORS AT LARGE — EVIDENCE. Creditors at large may maintain an action in equity to enforce the trust created by such an agreement without first procuring a judgment at law against the trustee on his promise to pay their debts, and in such an action parol evidence is admissible to prove the purpose of the bill of sale and that it was made with the consent of the creditors and for their benefit.

*Neresheimer* v. *Smyth*, 35 App. Div. 632, affirmed.

(Argued April 3, 1901; decided May 14, 1901.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered January 19, 1899, affirming an interlocutory judgment in favor of plaintiffs entered upon a decision of the court at an Equity Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

The following are the questions certified:

*First.* Was not the agreement which the trial court finds was made between Thomas Smyth and the plaintiffs an illegal one, or one made for the purpose of hindering or defrauding the creditors of Frank A. Smyth? And, if so, will a court of equity assist the plaintiffs in their efforts to enforce it for their own pecuniary benefit?

*Second.* Is such agreement void by the Statute of Frauds?

*Third.* Did the trial court err in basing its decision wholly or partially upon Untermeyer's letter of July tenth, which letter was not in evidence, nor in any proper manner before the court?

*Fourth.* Should the judgment appealed from be reversed for the reason that plaintiffs could not maintain the action without first procuring a judgment against Thomas A. Smyth, and the return of an execution thereon wholly or partially unsatisfied?

*Fifth.* Was the proof of the oral agreement found by the trial court to have been made wholly incompetent to sustain the finding for the reason that it was oral evidence to vary the items of a written contract?

*Sixth.* Did the trial court err in receiving in evidence the letter written by Thomas A. Smyth to the plaintiffs?

*Walter S. Hubbell* and *John A. Barhite* for appellants. The agreement which the trial court finds was made between Thomas A. Smyth and the plaintiffs was illegal and void, and a court of equity will not enforce it for the benefit of the plaintiffs. ( *Warner* v. *Lake*, 37 N. Y. S. R. 799; 140 N. Y. 619; *Galle* v. *Tode*, 148 N. Y. 270; *Unckles* v. *Colgate*, 148 N. Y. 538; *Renfrew* v. *McDonald*, 11 Hun, 254; 1 Story's Eq. Juris. [11th ed.] § 697; *Patterson* v. *Brown*, 32 N. Y. 81; *Sweet* v. *Tinslar*, 52 Barb. 271; *Martin* v. *Wagener*, 60 Barb. 435.) The agreement made between the respondents and Frank and Thomas Smyth is void by the Statute of Frauds. (4 R. S. [8th ed.] 2592, § 1; *Warner* v. *Lake*, 37 N. Y. S. R. 799; *Galle* v. *Tode*, 148 N. Y. 270.) The judgment should be reversed for the reason that plaintiffs did not procure a

judgment against Thomas A. Smyth and the return of an execution thereon wholly or partially unsatisfied before the commencement of this action. (*Reubens* v. *Joel*, 13 N. Y. 488; *Adsit* v. *Butler*, 87 N. Y. 585; *Weaver* v. *Haviland*, 142 N. Y. 534; *N. T. Bank* v. *Wetmore*, 124 N. Y. 241.) The 11th finding of fact is based upon incompetent evidence. (*Corse* v. *Peck*, 102 N. Y. 513; *Mason* v. *Libbey*, 19 Hun, 119; *Selchow* v. *Stymus*, 26 Hun, 145; *Boyd* v. *McLean*, 1 Johns. Ch. 583; *Gowdy* v. *Gordon*, 122 Ind. 533; *Day* v. *Roth*, 18 N. Y. 448; *Wilson* v. *Deen*, 74 N. Y. 531; *Hirsh* v. *Auer*, 146 N. Y. 13.)

*James Breck Perkins* for respondents. Thomas having promised to devote the proceeds of the property to the payment of the plaintiffs' demands against Frank, the property was impressed with a trust which the law will enforce. (*Fairbanks* v. *Sargent*, 104 N. Y. 108; *McCahill* v. *McCahill*, 11 Misc. Rep. 258; *Hirsh* v. *Auer*, 146 N. Y. 13; *Day* v. *Roth*, 18 N. Y. 448.) The transaction did not amount to a general assignment. (*Royer Wheel Co.* v. *Fielding*, 101 N. Y. 504; *Knapp* v. *McGowan*, 96 N. Y. 75; *Hine* v. *Bowe*, 114 N. Y. 350; *Delaney* v. *Valentine*, 154 N. Y. 692.) To sustain this action it was not necessary that the plaintiffs should obtain a judgment and have execution returned unsatisfied. (*Spelman* v. *Freedman*, 130 N. Y. 422.) The finding that the transfer to the Commercial Bank was invalid should be sustained. (*Russell* v. *Russell*, 36 N. Y. 581; *Moran* v. *James*, 21 App. Div. 183.)

O'BRIEN, J. The plaintiffs compose different business firms that had sold goods to the defendant Frank A. Smyth, and each firm had recovered judgments for the price of the goods and for money advanced prior to March, 1896. On the last day of that month the judgments were recovered to the amount of $26,000. There is no dispute about the existence or validity of these debts. The judgments were procured by confessions duly made by the debtor prior to June 4th, 1895,

but retained in the possession of the attorney for the several plaintiffs therein until the date of entry as above stated. On the date last mentioned the debtor executed a bill of sale to the defendant Thomas A. Smyth, whereby he transferred to him all his stock of goods of every name and nature with the fixtures in the store and all accounts and demands due to him. In consideration of the transfer the assignee agreed to pay the debts due the several plaintiffs, and, also, debts due to other creditors, amounting in all to over $40,000. This agreement was in writing and the debts to be paid were specified. This arrangement was evidently made in the interest and with the consent of the creditors. The purpose was to permit the defendant Thomas A. Smyth to convert the property into money and to pay the debts enumerated rather than sacrifice the goods by sales upon execution under the judgments then confessed. At the same time, and as part of the same transaction, Thomas A. Smyth orally agreed with the debtor and the plaintiffs to accept the property and take possession of the same, to sell it and apply the proceeds so far as might be necessary to the payment of the debts specifically mentioned in the agreement, stipulating that he would devote the proceeds to no other purpose save the payment of these debts and the necessary expenses of converting the goods into money.

When the plaintiffs consented to this arrangement they were and had been for a long time before prepared to enter their judgments and seize the property, but refrained from such action in consequence of the transfer to the defendant and his promise to appropriate it for the benefit of the creditors designated. It is apparent, therefore, that the defendant acquired the title and possession of the goods and other assets of the debtor under an agreement which constituted him a trustee for the benefit of the plaintiffs and the other creditors named in the agreement. This trust a court of equity will not permit him to violate. He took possession of the property and entered upon the performance of the agreement by converting some of the goods into money, and paid

upon the plaintiffs' claims something over $4,000 of the proceeds, but on the 14th day of March, 1896, by an instrument in writing, he transferred to his mother, who is a defendant in this action, all the assets of the debtor upon condition that she should pay or cancel some alleged claims or obligations that she held against her son, the assignor and trustee, and also pay the claims of some other creditors of the original debtor, among which was the claim of the Traders' National Bank, one of the debts provided for in the original arrangement. Prior to this transaction he had also transferred a portion of the property to the Commercial Bank of Rochester as collateral security for the same debt that he had assumed by the first agreement, diverting the trust property to his own use or the use of others in violation of the trust upon which he was permitted to receive it.

The purpose of this action was to enforce the trust and compel the mother and the Commercial Bank to account to the plaintiffs for the property so transferred in violation of their rights. The trial court granted the relief demanded, and after finding all the facts, an interlocutory judgment was directed providing for a reference to ascertain the value of the goods and state the account. That judgment was not appealable to this court as matter of right, but an appeal was allowed by the court below, and six questions have been certified to us for solution. Inasmuch as neither the trial court nor the Appellate Division has given us the benefit of its views in any opinion it is not apparent how so many questions of law could be evolved from such a transaction. The form of these questions indicates simply that the learned court below was willing to allow the defeated party to come here on all the questions that he supposed he had in the case. The certified questions, evidently prepared by counsel, are not such, either in form or substance, as to come within the purview of the Constitution or the statute providing for the submission of questions of law to this court when an appeal is allowed. In some of them law is commingled with fact or with matters of discretion, and in others we are required to

decide upon the sufficiency or weight of evidence, though the decision below was unanimous. The form and substance of the questions which may be sent here upon certificate have been often explained in some of the cases that have been before us. (*Sciolina* v. *F. P. Co.,* 151 N. Y. 50; *Blaschko* v. *Wurster,* 156 N. Y. 437; *Coatsworth* v. *Lehigh Valley Ry. Co.,* 156 N. Y. 451–458.) We think it necessary again to premise so much in regard to the form and substance of the questions in the present case, since it is scarcely possible and certainly quite unnecessary to answer them all categorically as questions of law.

The first two questions may be considered as one, and the inquiry is whether the agreement found was illegal, as made for the purpose of defrauding creditors or void by the Statute of Frauds. Of course, the questions must mean to refer to fraud in law as distinguished from fraud in fact. This is not a creditor's bill, but an action to enforce a trust. No creditor questions the validity of the transaction. The controversy concerns no one but the parties to the arrangement, that is, the trustee and the beneficiaries. The trust related to personal property and was good, though a part of it was not in writing. If there was a trust in favor of the plaintiffs, it cannot be fraudulent or illegal in the trustee to execute it, and that the defendant took the title and obtained the possession of the property upon a trust arrangement cannot be doubted. (*Fairbanks* v. *Sargent,* 104 N. Y. 108, 122, 123; *Hirsh* v. *Auer,* 146 N. Y. 13; *Trusees of Amherst College* v. *Ritch,* 151 N. Y. 282; *Bork* v. *Martin,* 132 N. Y. 280; *Langsdale* v. *Woollen,* 99 Ind. 575; *Day* v. *Roth,* 18 N. Y. 448; *Hamer* v. *Sidway,* 124 N. Y. 538; 1 Perry on Trusts, §§ 86, 96, 104, 243.)

It was not necessary for the plaintiffs before proceeding to enforce the trust to procure a judgment at law against the trustee upon his promise to pay their debts contained in the agreement under which he procured the property. A creditor at large may maintain an action in equity to enforce a trust for his benefit. Parol evidence was admissible to prove the pur-

pose of the bill of sale, and that it was made with the consent of the creditors and for their benefit. It did not tend to contradict the writing but to show the trust arrangement between the defendant and the creditors. The latter were not parties to any of the written instruments. The statute with respect to assignments for the benefit of creditors has no application. This was a transfer for the benefit of certain designated creditors and is not questioned by any other creditor. The agreement under which the defendant obtained the title and possession of the property was good between the parties to it. There is nothing in the other questions that requires discussion or consideration. We think the judgment is right and should be affirmed, with costs, and the questions answered as indicated in this opinion.

PARKER, Ch. J., GRAY, HAIGHT, LANDON, CULLEN and WERNER, JJ., concur.

Judgment affirmed.