SARAH E. PALMER et al., as Executors of and Trustees under the Will of HENRY U. PALMER, Deceased, et al., Appellants, *v.* THE STATE OF NEW YORK, Respondent.

Appeal — Court of Appeals cannot decide certified question involving question of fact.

The Court of Appeals is without power to decide a question, even though certified to it by the Appellate Division, if the answer makes it necessary to pass upon a question of fact.

*Palmer* v. *State of New York*, 170 App. Div. 928, appeal dismissed.

(Argued January 3, 1916; decided January 18, 1916.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the third judicial department, entered July 6, 1915, which denied a motion to dismiss an appeal by the state from a judgment of the Court of Claims.

The following question was certified: " Was the service of the copy judgment of the Court of Claims herein with notice of the clerk of the entry thereof on the 30th day of March, 1915, sufficient to set running the time within which the state was required to appeal so as to render the service of a notice of appeal after the lapse of thirty days from the time of service of such judgment and notice of entry ineffectual ? "

*Edgar T. Brackett* for appellants.

*Egburt E. Woodbury, Attorney-General* (*Wilber W. Chambers* of counsel), for respondent.

*Per Curiam.* The question certified to us by the Appellate Division is not in such a form as to enable us to answer it. We are asked to say whether the service of the judgment was sufficient to start running the time within which the state was required to appeal. The answer to that question depends upon the choice to be made between conflicting versions of the transaction. If we accept as correct the affidavits submitted by the claimants, we may be led to one answer; if we accept as correct the affidavits submitted by the state, we may be led to another. We are without power to decide a question, even though certified to us by the Appellate Division, if the answer makes it necessary to pass upon a question of fact (*Matter of Westerfield*, 163 N. Y. 209; *Neresheimer* v. *Smyth*, 167 N. Y. 202, 207).

The appeal should be dismissed, without costs to either party.

WILLARD BARTLETT, Ch. J., HISCOCK, HOGAN, CARDOZO and SEABURY, JJ., concur; CHASE and COLLIN, JJ., dissent, and vote for reversal.

Appeal dismissed.