Charles A. Finnegan, Appellant, v. George S. Buck et al., Constituting the Council of the City of Buffalo et al., Respondents.

**Appeal — reversal by Appellate Division on the law of order of Special Term granting a temporary injunction — Court of Appeals may only determine whether there was any evidence to justify finding at Special Term — will be assumed that question certified does not ask decision of question of fact.**

1. Where an order granting a temporary injunction is reversed on the law this court may only determine whether there was before the Special Term any evidence whatever which, if believed, would justify its finding.

. 2. In view of the rule limiting the jurisdiction of the Court of Appeals it must be assumed that a question certified does not ask the decision of a question of fact.

3. Where upon examination of the moving papers, whereon a temporary injunction was granted, allegations are found which, if believed by the Special Term, would justify the finding of fact which it has made, an order of the Appellate Division reversing " as a matter of law and not in the exercise of discretion " is erroneous and will be reversed.

*Finnegan* v. *Buck*, 195 App. Div. 923, reversed.

(Argued March 1, 1921; decided March 15, 1921.)

Appeal, by permission, from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered January 21, 1921, which reversed an order of Special Term granting a motion to continue an injunction *pendente lite* and vacated and set aside the same.

The facts, so far as material, and the question certified are stated in the opinion.

*Franklin R. Brown* for appellant. The *Legal Daily* is not a paper which the city of Buffalo or its officers are authorized to designate as the official paper of the city, and the question certified should be answered in the nega-

tive. (*Beecher* v. *Stevens*, 25 Minn. 146; *Matter of Herman*, 191 Pac. Rep. 934; *Crowell* v. *Parker*, 22 R. I. 51; *Hauscomb* v. *Meyer*, 60 Neb. 70; *Times Printing Co.* v. *Star Pub. Co.*, 51 Wash. 664; *People ex rel. Utica Sunday Tribune* v. *Williams*, 140 App. Div. 58; *People ex rel. Guernsey* v. *Somers*, 153 App. Div. 623; 208 N. Y. 621; *People ex rel. Mayham* v. *Dickson*, 138 App. Div. 606; *People ex rel. Hall* v. *Ford*, 127 App. Div. 444.)

*William S. Rann, Corporation Counsel* (*Ralph K. Robertson* of counsel), for respondents. The sole question before this court, namely, whether the *Legal Daily* is a paper which may be designated under the charter of the city of Buffalo, must be answered in the affirmative, since the *Legal Daily* complies with the charter requirements of a daily paper published in the English language in the city of Buffalo, and, moreover, is a newspaper within the meaning of the statute. (*Gage* v. *City of New York*, 110 App. Div. 403; *Hall* v. *City of Milwaukee*, 115 Wis. 479; *Beecher* v. *Stevens*, 25 Minn. 146; *Matter of Charter*, 11 Phila. 200; *Crowell* v. *Parker*, 22 R. I. 51; *Matter of Green*, 131 Pac. Rep. 91; *Matter of Herman*, 191 Pac. Rep. 93; *Matter of Melone*, 141 Cal. 331; *Brice* v. *Graves*, 142 Iowa, 722; *Kerr* v. *Hitt*, 75 Ill. 51.)

ANDREWS, J. The charter of Buffalo requires the printing of certain notices in a daily paper. This can only mean a daily newspaper. The work is given to the lowest bidder. Such bidder in 1920 was the *Legal Daily* and the city authorities were about to award the contract to it. Claiming, however, that the successful bidder was not a newspaper within the meaning of the statute a taxpayer's action was begun to enjoin further proceedings in the matter, and as the result of an order to show cause upon conflicting affidavits a temporary injunction was granted. This order the Appellate Division reversed " as

33

a matter of law and not in the exercise of any discretion," but permitted an appeal to this court, certifying for our consideration the following question: " Is the *Legal Daily*, referred to in the moving papers, a paper which the defendant city and its officers are authorized to designate as the official paper of the city   *   *   *   ? "

Because the order was reversed on the law, we may only determine whether there was before the Special Term any evidence whatever which, if believed, would justify the finding that the *Legal Daily* was not a newspaper. Further, in view of the rule limiting our jurisdiction we must assume that the question certified does not ask us to decide a question of fact but whether as a matter of law this *Legal Daily* is such a newspaper.

Whether it is or not is a question of fact. A mere inspection of the publication itself will not suffice for an answer. This depends, not only upon its appearance and contents, but on various other considerations. Is it intended to be circulated generally among the public or among any considerable class or classes of the community? Is it in fact so circulated? Is it intended for public sale? Is it so sold? Is it intended to create a paper of some permanency? On the other hand, whatever its appearance, is the claim that it is a daily newspaper a mere sham — a colorable pretense under which the public printing may be obtained without that notice to the public which it is the legislative design to secure? Other like questions will readily suggest themselves.

We here find various allegations made by the moving party, which if believed by the Special Term, would justify the finding of fact which it has made. In the verified complaint it is alleged that the *Legal Daily* is not read by the public generally; and that it is not designed to be so read; that it is not for general publication; that it has only 350 subscribers; that it has no office of any kind; that it has no printing establishment or means of printing the papers except as it hires the same to be done

by others; that it has no responsibility; that while it purports to be published by the " Legal Daily Publishing Corporation of Buffalo, New York," there is no such corporation; that it is not sold upon the streets or at the places or by the persons selling and dealing in newspapers. In one of the affidavits it is said that the paid circulation of the paper on October 8, 1920, constituted slightly under 200 copies. Another states facts tending to show that the print shop where the *Legal Daily* is printed is insufficiently equipped for and could not print the city tax sales and the legal matters required to be printed by the city of Buffalo. We must, therefore, reverse the order of the Appellate Division.

In reaching this result we intimate no conclusion as to the facts which will be or which should be found by the trial court upon the trial of the action. We hold only that if all these allegations are true the trier of facts might decide as it has apparently decided upon the motion before it. We leave it to the trial court to reach a conclusion upon all the evidence which it properly receives.

The order of the Appellate Division should be reversed and that of the Special Term affirmed, with costs in this court and the Appellate Division, and construing the question certified to us as we do we answer it in the negative.

CHASE, J. (dissenting). The temporary injunction was granted upon conflicting affidavits. The order was reversed by the Appellate Division " as a matter of law and not in the exercise of any discretion."

In permitting the appeal to this court, the Appellate Division certified the following question: " Is the *Legal Daily*, referred to in the moving papers, a paper which the defendant city and its officers are authorized to designate as the official paper of the city, in which legal notices may be published as provided in the charter of said city? "

On the record the question whether the city and its officers are authorized to designate the *Legal Daily* as the official paper of the city is one of fact.

No certificate of the Appellate Division can clothe the Court of Appeals with jurisdiction to review a question of fact or one involving the exercise of discretion. (*Matter of Westerfield*, 163 N. Y. 209; *Lewin* v. *Lehigh Valley R. R. Co.*, 169 N. Y. 336; *Palmer* v. *State of New York*, 217 N. Y. 601; *Schieffelin* v. *Hylan*, 229 N. Y. 633.)

The appeal should be dismissed, with costs.

Hiscock, Ch. J., McLaughlin and Crane, JJ., concur with Andrews, J.; Cardozo and Pound, JJ., concur with Chase, J.

Order reversed, etc.